IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv239

| | | |
|---|---|---|
| BRIAN E. ROOT, PHILLIP SCHUB; DIANE DESMOND; ROBERT E. MOREY; and MARIETA MOREY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| GENERATIONS LAND COMPANIES, LLC.; TERRY SETZER; LEE SETZER; BRENT MILLER; WACHOVIA BANK, N.A.; UNITED COMMUNITY BANK; BLUE RIDGE APPRAISERS; JUDY CLARK; NANCY DECKER; MOUNTAIN MEADOW PROPERTIES AND APPRAISALS; BRANDON SPEAKS; BAKER APPRAISAL SERVICES, INC.; and JOHN BAKER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| Vs. | ) ) | |
| BRYAN C. KEMPTER, | ) ) | |
| Third-Party Defendant. | ) ) ) | |

**THIS MATTER** is before the court on plaintiffs' Motion for Leave to Amend

Complaint (#69). Response to such motion were due to be filed not later than

-1-

October 26, 2009. As of October 28, 2009, the court was only in receipt of responses from Wachovia Bank, N.A., (#79) and United Community Bank (#81). In each of these responses, the respective respondent acknowledge that, while not consenting to the relief sought, they could not oppose the motion inasmuch as they had not filed answers by the time plaintiffs sought leave to amend.

There being no objections to the proposed amendment, the court has reviewed the plaintiffs' Motion for Leave to Amend Complaint for compliance with Rule 15, Federal Rules of Civil Procedure. A review of plaintiffs' proposed amendments reveals that they are in conformity with the requirements of Rule 15(a), Federal Rules of Civil Procedure, inasmuch as such amendments appear to be made in good faith and would not prejudice the nonmoving party.

> Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.

1987). In accordance with the teachings of the appellate court, plaintiffs' Motion to Amend will be allowed, and plaintiffs will be permitted 10 days from service of this Order to file their Amended Complaint.

Finally, there are a number of motions to dismiss the original Complaint that have become moot as a result of such amendment. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ··· became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). The court will terminate the relevant pending motions to dismiss without prejudice as a matter of housekeeping.

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Leave to Amend Complaint (#69) is **GRANTED,** and plaintiffs shall file their Amended Complaint within 10 days;

**IT IS FURTHER ORDERED** that:

(1) United Community Banks's Motion to Dismiss (#49);

(2) Wachovia Bank, N.A.'s Motion to Dismiss (#52);

(3) Baker Appraisal Services, Inc.'s and John Baker's Motion to Dismiss (#57); and

(4) Mountain Meadow Properties and Appraisals's and Brandon Speaks's Motion to Dismiss (#65);

are administratively **DENIED** without prejudice.

Signed: October 28, 2009

Dennis L. Howell
United States Magistrate Judge