IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
File No.: 1:09-cv-239

BRIAN E. ROOT, PHILIP SCHUB, )
DIANE DESMOND, ROBERT E. MOREY, )
MARIETA MOREY, THOMAS M. )
SCHUETT, RUTH A. SHUETT, DAVID L. )
SEEKINS and )
SHARON E. SEEKINS, )
                                          )
                       Plaintiffs, )         **AMENDED**
                                          )     **CONSENT PROTECTIVE ORDER**
vs. )
                                          )
GENERATIONS LAND COMPANIES, LLC, )
TERRY SETZER, LEE SETZER, BRENT )
MILLER, WACHOVIA BANK, N.A., )
UNITED COMMUNITY BANK (Georgia), )
BLUE RIDGE APPRAISERS, JUDY )
CLARK, NANCY DECKER, MOUNTAIN )
MEADOW PROPERTIES AND )
APPRAISALS, BRANDON SPEAKS, )
BAKER APPRAISAL SERVICES, INC., )
JOHN BAKER, BLOWING ROCK )
APPRAISAL COMPANY, DEBORAH S. )
KNIGHT, and )
DAVID D. CLYDE, )
                                          )
                       Defendants. )

       With the consent and upon the request of all parties, through their respective counsel, as shown by their signatures below, it is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

       1.      Counsel for any party may designate any document or information contained in a document as *confidential* if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or a third party whose interest may be affected. Information and

documents designated by a party as *confidential* will be labeled "CONFIDENTIAL." "*Confidential*" information or documents may be referred to collectively as "*confidential information.*"

2. To the extent requested in discovery and as may otherwise be applicable in this action, the existence of an appraiser-client relationship, the identity of any client of any appraiser and the results of any appraisal assignment, including but not limited to appraisal reports, work files in connection with such appraisals, and any testimony or statements in connection therewith made for purposes of discovery or in connection with any motion or pleading in this matter or at trial, are deemed to be *confidential information*, as contemplated and described herein and in the **Uniform Standards for Professional Appraisal Services©** and **The Ethics Rule** applicable to such standards, as incorporated or referred to in North Carolina General Statutes §93E-1-1 *et seq*, **The North Carolina Appraisers Act**, and /or North Carolina Administrative Code Title 21 Chapter 57A. 0101 *et seq*, the **Rules of the North Carolina Appraisal Board**, without the requirement for further objection or reservation and shall be designated as "CONFIDENTIAL."

3. This court further finds that the disclosure of the existence of an appraiser-client relationship, the identity of the client of any appraiser and the results of any appraisal assignment, including but not limited to appraisal reports, work files in connection with such appraisals, in connection with those sales of real estate appraisals and loans in connection with such sales, is in the interest of the reasonable and efficient administrative of justice in connection with this matter; that such matters may be disclosed by the parties or their attorneys without further authorization or order, and that such information and documents shall be treated for all purposes as *confidential information.*

4. Unless otherwise ordered by the Court, or otherwise provided for herein, the *confidential information* disclosed will be held and used by the person receiving such information solely

for use in connection with the above-captioned action.

5. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all *confidential information* disclosed, in accordance with applicable law.

6. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown *confidential information* during and in preparation for his/her testimony and may not retain the *confidential information*; and

   e. The Court or the jury at trial or as exhibits to motions.

7. Prior to disclosing or displaying the *confidential information* to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The *confidential information* may be displayed to and discussed with the persons

identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the *confidential information* may seek appropriate relief from this Court.

9. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

10. At the conclusion of litigation, the *confidential information* and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to *confidential information*; or to object to the production of documents or information; or to redact portions of documents or information designated as *confidential* pursuant to this Order; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed

This the 4th day of August, 2010

Frank D. Whitney
United States District Judge

**WE CONSENT:**

/s/ John C. Hunter
John C. Hunter
The John Hunter Law Firm, P.L.L.C.
One North Pack Square, Suite 418
Asheville, NC 28801
johnhunter@jchlawfirm.com
*Attorney for Plaintiffs*

/s/ Eugene E. Lester, III
Eugene E. Lester, III
Sharpless & Stavola, P.A.
P.O. Box 22106
Greensboro, NC 27420
eel@sharpless-stavola.com
*Attorneys for Defendants Mountain Meadows Properties and Appraisals and Brandon Speaks*

/s/ W. Clark Goodman
W. Clark Goodman
Debbie W. Harden
Womble Carlyle Sandridge & Rice, PLLC
3500 One Wachovia Center
301 South College Street
Charlotte, NC 28202-6037
dharden@wcsr.com
cgoodman@wcsr.com
*Attorneys for Defendant Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, N.A.*

/s/ Ervin L. Ball, Jr.
Ervin L. Ball, Jr.
Ball Barden & Bell PA
18 N. Spruce Street
PO Box 7157
Asheville NC 28802
ervin.ball@ballbardenbell.com
*Attorneys for Defendants Blowing Rock Appraisal Company, Deborah S. Knight and David G. Clyde*

/s/ Christopher G. Lewis
Christopher G. Lewis
Teague Campbell Dennis & Gorham, LLP
4800 Six Forks Road, Ste. 300
P.O. Box 19207
Raleigh, NC 27619-9207
clewis@tcdg.com
*Attorneys for Defendants Blue Ridge Appraisers, Judy Clark and Nancy Decker*

/s/ Mark A. Pinkston
Mark A. Pinkston
The Van Winkle Law Firm
11 North Market Street
Asheville, NC 28801
mpinkston@vwlawfirm.com
*Attorney for United Community Bank (Georgia)*

/s/ Stephen E. Hudson
Stephen E. Hudson
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
shudson@kilpatrickstockton.com
*Attorneys for Defendant United Community Bank*

/s/ Steven Kropelnicki, Jr.
Steven Kropelnicki, Jr.
Carter & Kropelnicki
181 Charlotte St.
Asheville, NC 28801
skrop@cartkrop.com
*Attorneys for Defendants Generations Land Companies, LLC, Terry Setzer and Lee Setzer*

/s/ E. Thomison Holman
E. Thomison Holman
Adams Hendon Carson Crow & Saenger, PA
72 Patton Avenue
Asheville, NC 28801
tholman@adamsfirm.com
*Attorneys for Defendant Brent Miller*

/s/ Mark C. Kurdys
Mark C. Kurdys
Stephen L. Cash
Roberts & Stevens, P.A.
One West Pack Square - Suite 1100
Asheville, NC 28802
mkurdys@roberts-stevens.com
scash@roberts-stevens.com
*Attorneys for Defendants Baker Appraisal Services, Inc. and John Baker*

Protective Order- Exhibit A

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Root et al v Generations Land Company et al 1:09 cv 239* , USDC-WDNC have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

    Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

SIGNED AND DATED this \_\_\_\_ day of _____, 2010

_____

Signed in the presence of:

_____

Attorney for _____